# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JANELLE BERNSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1071 |
| | ) | |
| CONVERGENT HEALTHCARE | ) | |
| RECOVERIES, INC.; and DOES 1-10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER & OPINION</u>

Before the Court is Plaintiff Janelle Bernstrom's Motion to Dismiss Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. 10). Defendant Convergent Healthcare Recoveries, Inc., has filed a Response (Doc. 11), and the matter is ripe for review. For the following reasons, Plaintiff's Motion to Dismiss Without Prejudice is GRANTED.

### BACKGROUND

On March 4, 2019, Plaintiff brought an action against Defendants alleging repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Doc. 1). Plaintiff alleges Defendant Convergent employed the unidentified Defendants as individual debt collectors. The Complaint (Doc. 1) alleges Defendants began calling Plaintiff in an attempt to collect a debt owed by someone other than Plaintiff. Plaintiff informed Defendants she did not know the individual owner of the debt, and

said individual could not be reached at that phone number. Consequently, Plaintiff requested all calls from Defendants related to that debt cease. Plaintiff alleges Defendants continued to contact her causing "inconvenience and frustration," for which she was seeking damages. (Doc. 1).

Two months later, Plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 41(a)(2) following a telephone conference with Defendant before District Court Magistrate Judge Jonathan Hawley. (Doc. 10). Plaintiff indicated she was unable to continue the lawsuit against Defendant for "personal reasons" and requested the Court dismiss the action without prejudice. (Doc. 10 at 1). Defendant opposes dismissal without prejudice and instead urges the Court to dismiss Plaintiff's action with prejudice. (Doc. 11 at 2).

## LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for the voluntary dismissal of lawsuits by court order on "terms and conditions . . . the court deems proper." *Wojtas v. Capital Guardian Tr. Co.,* 477 F.3d 924, 927 (7th Cir. 2007). Rule 41(a)(2) provides only the Court may dismiss an action after an opposing party has filed an answer or a motion for summary judgment, absent a stipulation of dismissal signed by all parties. *Cox v. Hurwitz*, No. 17-cv-1334, 2018 WL 4401740, at *1 (S.D. Ill. Sept. 14, 2018). It is within the Court's discretion to determine if a plaintiff's motion for voluntary dismissal should be granted with or without prejudice. *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). A dismissal with prejudice has the same effect as an adverse judgement on the merits. *Mother & Father v. Cassidy*, 338 F.3d

704, 708 (7th Cir. 2003). "A defendant can prevent such voluntary dismissal only by showing that 'plain legal prejudice' will result." *Simons v. Fox*, 725 Fed. Appx. 402, at *406 (7th Cir. Feb. 1, 2018). Defendant must specify the prejudice it will incur if the dismissal is granted without prejudice. *Simmons v. Gillespie*, No. 08-cv-1068, 2010 WL 1790370, at *2 (C.D. Ill. Apr. 29, 2010). Plain legal prejudice must be more than the mere prospect of a second lawsuit. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971).

## DISCUSSION

In deciding whether to grant a Rule 41(a)(2) motion for dismissal with or without prejudice, courts consider the following factors: (1) defendant's efforts and resources thus far expended, (2) excessive delay and lack of diligence on the part of the plaintiff in pursing their action, (3) the sufficiency of explanation for the need of a dismissal, and (4) whether a summary judgment motion has already been filed by the defendant. *Kunz*, 538 F.3d at 677-78; *see also Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Defendant argues Plaintiff's explanation for moving to dismiss without prejudice is insufficient. However, the sufficiency factor is to be considered alongside the three others outlined in *Kunz*.

The expenses already incurred by Defendant in responding to this suit have been minimal. Discovery has yet to take place and only a handful of motions have been filed. Because discovery is not well underway, or even started, Defendant's efforts and expenses to date do not militate against dismissal without prejudice. *See*

*Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (holding the commencement of discovery alone did not create the plain legal prejudice needed to defeat the dismissal without prejudice). Plaintiff has not caused an excessive delay nor lacked diligence in pursuing her claim. She first filed her action soon after the underlying incidents allegedly occurred in February of 2019. Her Motion for Dismissal Without Prejudice (Doc. 10) followed in a reasonable amount of time some two months later.

While the Court agrees with Defendant that Plaintiff's vague "personal reasons" explanation for dismissal is by itself insufficient, weighed against Defendant's minimal efforts and expenses incurred thus far, an absence of delay or carelessness on the part of Plaintiff, and the fact Defendant has yet to file a summary judgment motion, the insufficient explanation alone does not make dismissal without prejudice unwarranted.

Additionally, the Court is unpersuaded by Defendant's argument that dismissal without prejudice would create an unfair disadvantage in the future. The "plain legal prejudice" Defendant asserts it will suffer if Plaintiff is allowed a dismissal without prejudice is only that it will have to defend itself once again against the same lawsuit. But the Seventh Circuit has explicitly stated the bare possibility of a second lawsuit regarding the same claim is not enough to constitute the plain legal prejudice needed to defeat a Motion to Dismiss Without Prejudice. *Stern*, 452 F.2d at 213. If Plaintiff's motion is granted and she refiles her action within the limitations period, Defendant plausibly would be able to simply adapt the few pleadings it has

already drafted in this iteration. Defendant's argument based on the unfairness of potentially defending itself twice in relation to the same claim is therefore unpersuasive.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Dismissal Without Prejudice under Rule 41(a)(2) is GRANTED. This matter is DISMISSED WITHOUT PREJUDICE. CASE TERMINATED.


SO ORDERED.

Entered this 27th day of June 2019.

/s Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
